IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                                                                                         No. 19-CR-01610-MV

v.

KARL THOMPSON,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Karl Thompson's Motion to Dismiss Count 3 of the Superseding Indictment as Duplicitous. Doc. 220. The government filed a response [Doc. 246] and Mr. Thompson filed a reply [Doc. 252]. Having considered the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

## BACKGROUND

Mr. Thompson is charged in a three-count superseding indictment with Conspiracy to Interfere with Interstate Commerce by Robbery and Violence (Conspiracy to Commit Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a) (Count 1); Interference with Interstate Commerce by Robbery and Violence (Hobbs Act Robbery) and Aiding and Abetting, in violation of 18 U.S.C. §§ 2 and 1951(a) (Count 2); and Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i–iii) (Count 3). After initially pleading guilty to an earlier information, Mr. Thompson withdrew his guilty plea [Doc. 173] and a trial in the case is set for June 28, 2021 [Doc. 210].

In the instant motion, Mr. Thompson argues that Count 3 of the superseding indictment

should be dismissed. Doc. 220 at 1. Count 3 reads:

> On or about April 18, 2019, in McKinley County, in the District of New Mexico, the defendant, **KARL THOMPSON**, knowingly used and carried a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, specifically, interference with interstate commerce by robbery and violence as charged in Count 2 of this indictment, additionally the defendant conspired with others to commit the offense charged in Count 2, and, while a member of that conspiracy, one of the co-conspirators used, carried, brandished, and discharged a firearm, during and in relation to the interference with interstate commerce by robbery and violence, and the use, carrying, brandishing, and discharging of the firearm was committed to achieve an objective of the conspiracy, or was a foreseeable consequence of the conspiracy. In violation of 18 U.S.C. §§ 924(c)(1)(A)(i–iii).

Doc. 196 at 2. Mr. Thompson raises two primary concerns with the language of the count. First, he argues that Count 3 is duplicitous because it "appears to allege that [he] himself used and carried a firearm and then conspired with [his] co-defendants for the use, carrying, brandishing and discharge of a firearm by one or all of them." Doc. 220 at 3–4. By alleging "multiple acts of carrying, part of which alleges actual carrying, and the other part being a carrying, brandishing or discharging by a co-coconspirator," Mr. Thompson asserts that Count 3 "alleges two charges." *Id*. at 4. Second, Mr. Thompson argues that Count 3 is legally defective because it attempts to charge him for "conspiring with a person who went on to violate section 924(c)(1)(A)" and "Conspiracy is not an offense contemplated under section 924(c)(1)(A)." *Id*. at 6. In other words, Mr. Thompson argues, "[a] charge that a defendant violated section 924(c)(1)(A) must be linked to an underlying crime of violence" and "Conspiracy is not a crime of violence under current precedent." *Id*. For support, Mr. Thompson cites the recent Supreme Court case of *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id*. To remedy these alleged deficiencies, Mr. Thompson asks the Court to dismiss Count 3. *Id*. at 9.

In response, the government argues that Count 3 is not duplicitous because it does not charge two separate offenses; instead, it charges two theories by which Mr. Thompson can be

found guilty of the same § 924(c) offense. Doc. 246 at 1. The government cites caselaw establishing that conspiracy liability under *Pinkerton v. United States*, 328 U.S. 60, 66 (1946) is a theory of liability for a substantive offense, not a separate offense in and of itself. *Id*. at 2–3 (citing cases including *Pinkerton*, 328 U.S. at 60, *Avila Ramos v. Kammerzell*, 893 F.3d 1243, 1246 (10th Cir. 2018), and *United States v. Bowen*, 527 F.3d 1065, 1077 (10th Cir. 2008)). The government also explains that numerous courts, including this Court, have held that a defendant can be found guilty of violating § 924(c) through *Pinkerton* liability. *Id*. at 3. The government continues that under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, it is allowed to charge different means by which a defendant committed an offense. *Id*. at 4 (citing Fed. R. Crim. P. 7(c)(1)). Finally, the government clarifies that it is not improperly alleging Conspiracy to Commit Hobbs Act Robbery as the predicate crime of violence for the § 924(c) charge; instead, the conspiracy language is included in Count 3 as part of the alternate *Pinkerton* liability theory of guilt. *Id*. at 5–6. If Count 3 is duplicitous or otherwise defective, the government asks the Court to dismiss the count without prejudice so it can find suitable language with which to charge Mr. Thompson with violating § 924(c) under alternate theories of liability. *Id*.

In reply, Mr. Thompson argues that it is legally erroneous for the government to attempt to hold him accountable for violating § 924(c) under a theory of *Pinkerton* liability. Doc. 252 at 4. In so arguing, he submits that § 924(c) is different than other sections of the United States Code subject to *Pinkerton* liability because it contains its own conspiracy offense contained in § 924(o). *Id*. Mr. Thompson therefore argues that to the extent the government wants to charge him with a conspiracy to use a firearm during and in relation to a crime of violence, it must do so under § 924(o). *Id*. at 5–6. He also continues to argue that Count 3 is defective because it charges him in the alternative with committing Conspiracy to Commit Hobbs Act Robbery as the predicate

3

crime of violence for his § 924(c) charge, which is disallowed. *Id*. at 6.

**DISCUSSION**

The Court has considered the briefs and the relevant law. For the reasons explained below, it finds that Count 3 of the superseding indictment is not duplicitous, the count does not improperly allege a conspiracy offense as the predicate crime of violence for Mr. Thompson's § 924(c) charge, and controlling precedent permits the government to pursue the § 924(c) charge under a theory of *Pinkerton* liability. Mr. Thompson's motion will therefore be denied.

**I.      Count 3 is Not Duplicitous.**

"An indictment is duplicitous if it charges the defendant with two or more separate offenses in the same count." *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011) (citations and internal quotations omitted). A duplicitous indictment is problematic because it could lead a jury to convict a defendant without reaching a unanimous agreement on which offense forms the basis for the conviction. *Id*. Duplicity also makes it difficult for defendants to assert Double Jeopardy claims after conviction, and it hampers courts' ability to determine the admissibility of evidence during trial. *Id*.

Mr. Thompson submits that Count 3 should be dismissed as duplicitous. Doc. 220 at 3–4. But as the government persuasively argues in response, Count 3 is not duplicitous because it does not "charge[] the defendant with two or more separate offenses in the same count." *Washington*, 653 F.3d at 1262. Instead, Count 3 charges Mr. Thompson with a single offense: violating 18 U.S.C. § 924(c). *See* Doc. 196 at 2. While it is true that Count 3 lists different means by which Mr. Thompson can be found guilty of that offense—by personally possessing a firearm during and in relation to a crime of violence and, alternatively, by being part of a conspiracy during which a co-conspirator used a firearm during and in relation to the same crime of violence—Rule 7(c)(1)

of the Federal Rules of Criminal Procedure allows the government to allege different means by which a defendant can be guilty of a single offense in a single count. *See* Fed. R. Crim. P. 7(c)(1) (stating that "[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means"). This most commonly occurs when the government charges a defendant in a single count with committing an offense *and* aiding and abetting it, as Count 2 of the superseding indictment charges Mr. Thompson with doing. *See* Doc. 196 at 1–2 (charging Mr. Thompson with Hobbs Act Robbery and aiding and abetting). Charging Mr. Thompson with both personal and conspiratorial liability in Count 3 is no different, because just as with aiding and abetting liability, *Pinkerton* co-conspirator liability is a theory of guilt, not a separate offense. *See Bowen*, 527 F.3d at 1077 ("Aiding and abetting and *Pinkerton* co-conspirator liability are alternative theories by which the government may prove joint criminal liability for a substantive offense.") (internal quotations omitted).

Nor is the Court persuaded by Mr. Thompson's argument that Count 3 charges multiple offenses by alleging different instances of firearm possession. Doc. 220 at 3–4. For support, Mr. Thompson cites *United States v. Rentz*, 777 F.3d 1105, 1115 (10th Cir. 2015). *Id*. at 5. There, the question presented was "whether, as a matter of statutory interpretation, § 924(c)(1)(A) authorizes multiple charges when everyone admits there's only a single use, carry, or possession [of a firearm]." *Rentz*, 777 F.3d at 1108. Put another way, the question in *Rentz* was "the minimum amount of activity for which criminal liability attaches for each charge." *Id*. (internal citations omitted). Sitting en banc, the Tenth Circuit held that each separate § 924(c) charge "requires an independent use, carry, or possession." *Id*. at 1115.

In holding that the government must allege multiple firearm uses to support multiple § 924(c) counts, the *Rentz* Court did not address the related question of whether the government

5

can allege multiple firearm uses to support a *single* § 924(c) count. *See id*. This is exactly the kind of "hard question" related to § 924(c) that the Tenth Circuit in *Rentz* "left to tomorrow." *Id*. Taking up that question now, the Court believes that in the instant case, the fact that Count 3 references different firearm uses (Mr. Thompson's personal use of a firearm and that of his co-conspirators) does not make it duplicitous. The reason is that under *Rentz* and several other Tenth Circuit cases cited therein, each separate § 924(c) offense must be supported not only by an "independent use, carry, or possession" of a firearm but by a separate drug-trafficking offense or crime of violence. *See id*. at 1107 ("This circuit and virtually every other has held that for each separate § 924(c)(1)(A) charge it pursues the government must prove a separate crime of violence or drug trafficking crime."). As a result, because Count 3 only alleges a single predicate crime of violence—the April 18, 2019 Hobbs Act Robbery charged in Count 2—it only alleges a single § 924(c) offense, no matter how many firearms were involved. If Count 3 alleged multiple firearm uses *and* multiple predicate offenses (for example, that Mr. Thompson used a firearm during and in relation to the April 18, 2019 robbery and a co-conspirator used a firearm during and in relation to a subsequent robbery) that would be a different situation because it would make out multiple § 924(c) offenses that could not be charged in a single count. Count 3 does not allege multiple § 924(c) predicates, however, and it therefore only makes out a single § 924(c) offense.

The conclusion that Count 3 is not duplicitous is also supported by the Supreme Court's discussion of § 924(c) in *Rosemond v. United States*, 572 U.S. 65 (2014). In that case, the defendant, Justus Rosemond, was charged in a single count with violating § 924(c) by using a firearm in connection with a drug trafficking crime "or aiding and abetting that offense under § 2 of Title 18." *Rosemond*, 572 U.S. at 67; *see also United States v. Rosemond*, 695 F.3d 1151, 1153 (10th Cir. 2012). As the Supreme Court explained:

> Consistent with the indictment, the Government prosecuted the § 924(c) charge on two alternative theories. The Government's primary contention was that Rosemond himself used the firearm during the aborted drug transaction. But recognizing that the identity of the shooter was disputed, the Government also offered a back-up argument: Even if it was Joseph[1] who fired the gun as the drug deal fell apart, Rosemond aided and abetted the § 924(c) violation.

*Rosemond*, 572 U.S. at 68. Ultimately, the Supreme Court found that the district court's instruction on aiding and abetting liability was in error, and it clarified that to prove someone guilty of violating § 924(c) as an aider or abettor, the government must prove that they had advance knowledge that their confederate would be armed. *Id*. at 81–82. But the Supreme Court took no issue with the fact that Mr. Rosemond's indictment alleged multiple potential uses of a firearm (a use by Mr. Rosemond and a use by one of his accomplices) in the single § 924(c) count, or that the government was proceeding on that count on different theories that involved different people using the firearm in question. *See generally id*. The situation here is similar, and the Court believes that as in *Rosemond*, the government is permitted to allege different theories to support a single § 924(c) charge as long as those theories do not actually make out multiple § 924(c) offenses by involving multiple firearm uses *and* multiple predicate offenses. For all of these reasons, the Court finds that Count 3 is not duplicitous.

## II. Count 3 Does Not Improperly Allege Conspiracy to Commit Hobbs Act Robbery as a Predicate Crime of Violence for the § 924(c) Offense.

Mr. Thompson also argues that Count 3 is defective because it alleges Conspiracy to Commit Hobbs Act Robbery as a potential predicate crime of violence for the § 924(c) offense it charges. Doc. 220 at 5–6. Mr. Thompson is likely correct that under the Supreme Court's recent decision in *Davis*, Conspiracy to Commit Hobbs Act Robbery cannot serve as a § 924(c) predicate. *See Davis*, 139 S. Ct. at 2319. In *Davis*, the defendants were convicted of multiple counts of Hobbs

---

[1] "Joseph" refers to one of Mr. Rosemond's accomplices, Ronald Joseph. *See Rosemond*, 572 U.S. at 67.

Act Robbery, one count of Conspiracy to Commit Hobbs Act Robbery, and multiple § 924(c) offenses. *Id*. at 2324. The Fifth Circuit struck down the § 924(c) convictions predicated on the defendants' conspiracy offenses because those convictions depended on § 924(c)'s residual clause, which the Fifth Circuit found to be unconstitutionally vague. *Id*. at 2325. On review, the Supreme Court agreed that § 924(c)'s residual clause is unconstitutionally vague. *Id*. at 2336. In dissent, Justice Kavanaugh warned that as a result of the Court's holding, "[w]hen defendants use firearms during conspiracies to commit robbery, arsons, attempted carjackings, and kidnappings, to name just a few, they might no longer be subject to prosecution under § 924(c)." *Id*. at 2353 (Kavanaugh, J., dissenting). And following *Davis*, at least one court in the District of New Mexico has found that Conspiracy to Commit Hobbs Act Robbery cannot serve as a predicate crime of violence under § 924(c)'s elements clause. *United States v. Eccleston*, 48 F. Supp. 3d 1232, 1257 (D.N.M. 2020) (noting that unlike substantive Hobbs Act Robbery, Conspiracy to Commit Hobbs Act Robbery is "not categorically a crime of violence").

The problem with Mr. Thompson's argument is that Count 3 does not actually allege Conspiracy to Commit Hobbs Act Robbery as a predicate for the § 924(c) offense it charges. As the government points out, the predicate crime of violence alleged in Count 3 is the Hobbs Act Robbery charged in Count 2, not the robbery conspiracy charged in Count 1. *See* Doc. 196 at 2 (alleging that Mr. Thompson "knowingly used and carried a firearm during and in relation to a crime of violence … specifically, *interference with interstate commerce by robbery and violence as charged in Count 2 of this indictment*") (emphasis added). And while the *Pinkerton* conspiracy language included in Count 3 as an alternative theory of guilt discusses the robbery conspiracy charged in Count 1, it still alleges substantive Hobbs Act Robbery as the predicate crime of violence for the charged § 924(c) offense. *See id*. (alleging that one of Mr. Thompson's co-

conspirators "used, carried, brandished, and discharged a firearm, during and in relation to *the interference with interstate commerce by robbery and violence*") (emphasis added). The jury instructions proposed by the government also make clear that to find Mr. Thompson guilty of the § 924(c) offense charged in Count 3 through a theory of *Pinkerton* co-conspirator liability, the jury must find that one of his co-conspirators committed a properly qualifying crime of violence. *See* Doc. 231 at 41 (listing as an element that "[d]uring the time the defendant was a member of [the robbery] conspiracy, another coconspirator used or carried a firearm during and in relation to a crime of violence as charged in Count 3 of the indictment").[2]

Because neither of the theories of guilt alleged in Count 3 rely on Conspiracy to Commit Hobbs Act Robbery as the predicate crime of violence for the charged § 924(c) offense, the count does not rely on § 924(c)'s residual clause in violation of *Davis*.

### III. Under the Controlling Caselaw, the Government Can Pursue Mr. Thompson's § 924(c) Charge Through a Theory of *Pinkerton* Liability.

Mr. Thompson's final argument is that Count 3 is legally defective because the government cannot pursue his § 924(c) charge on a theory of *Pinkerton* co-conspirator liability. Doc. 252 at 4. In so arguing, Mr. Thompson points to the fact that in 18 U.S.C. § 924(o), Congress created a specific § 924(c) conspiracy offense. *See id*. While this argument has some intuitive appeal, it is foreclosed by the controlling caselaw in the Tenth Circuit holding that § 924(c) offenses can indeed be proven through a theory of *Pinkerton* liability. *See, e.g., United States v. Wacker*, 72 F.3d 1453, 1463–64 (10th Cir. 1995) (finding evidence sufficient to uphold § 924(c) conviction under a theory of *Pinkerton* liability); *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (same). Other

---

[2] To make this instruction consistent with the language of Count 3 and the other proposed jury instructions, the Court believes that it should specify the predicate crime of violence (the Hobbs Act Robbery charged in Count 2). The Court will consider this issue in more depth when it rules on the parties' requested jury instructions and their objections thereto. Doc. 231.

9

circuits have held the same. *See, e.g., United States v. Masotto*, 73 F.3d 1233, 1240 (2d Cir. 1996) ("It is well-settled in this Circuit that a jury may be instructed on the *Pinkerton* theory of liability in connection with a charged violation of § 924(c)."); *United States v. Henry*, 984 F.3d 1343, 1355 (9th Cir. 2021) ("We have consistently held that *Pinkerton* liability applies to § 924(c) counts."); *United States v. Isnadin*, 742 F.3d 1278, 1307 (11th Cir. 2014) ("Under § 924(c), a defendant may be liable for a coconspirator's possession if possession was reasonably foreseeable."). Given the controlling caselaw on this issue, in *United States v. Ruiz*, this Court recently allowed the government to pursue a § 924(c) charge through *Pinkerton* liability as an alternate theory of guilt. *See* Order On Proposed Jury Instructions Relating to 18 U.S.C. § 924(c) Theories of Liability, *United States v. Ruiz*, No. 16-CR-02934-MV-2, (D.N.M. May 18, 2018), ECF No. 188. The jury convicted the defendant of the § 924(c) charge as a co-conspirator [Verdict, *United States v. Ruiz*, No. 16-CR-02934-MV-2, (D.N.M. May 24, 2018), ECF No. 200] and the Tenth Circuit affirmed the conviction. *See United States v. Ruiz*, 829 Fed. Appx. 875 (10th Cir. 2020) (unpublished).[3]

Further, while Mr. Thompson's argument about § 924(o) is creative, it misses the mark because that section creates an inchoate conspiracy offense that is separate and apart from *Pinkerton* co-conspirator liability for a substantive § 924(c) crime. Section 924(o) states that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both." 18 U.S.C. § 924(o). As another district court recently explained, section 924(o) creates a standalone, inchoate conspiracy offense that does not require proof that the defendant actually possessed a firearm during and in relation to a crime of violence or a drug trafficking offense, just proof of a conspiracy to do the same. *See United States v. Wiley*, 19-CR-529-1, 2021 WL 1060207, at *2 (M.D.N.C. Mar. 19, 2021) (unreported). "In other words,

---

[3] In affirming the conviction, the Tenth Circuit did not specifically address the fact that the defendant was convicted through *Pinkerton* liability, presumably because the defendant did not raise that issue on appeal.

§ 924(o) criminalizes conspiring to violate § 924(c)." *Id*. By contrast, to prove a defendant guilty of violating § 924(c) through a theory of *Pinkerton* liability, the government must still prove that someone (namely, one of the defendant's co-conspirators) completed a substantive § 924(c) offense. *See Bowen*, 527 F.3d at 1077 (explaining that *Pinkerton* co-conspirator liability is a theory of "joint criminal liability for a *substantive offense*.") (emphasis added). Contrary to Mr. Thompson's suggestion, then, the fact that Congress created § 924(o) does not mean that it intended to preclude the government from pursuing violations of § 924(c) through *Pinkerton* co-conspirator liability; those are simply two different things.

Finally, there is no indication that when it overruled § 924(c)'s residual clause in *Davis*, the Supreme Court disturbed the caselaw allowing violations of § 924(c) to be proven through a theory of *Pinkerton* liability. At least one federal court of appeals agrees. *See Henry*, 984 F.3d at 1356 ("*Davis* does not conflict with or undermine the cases upholding § 924(c) convictions based on *Pinkerton* liability."). Because the cases affirming the application of *Pinkerton* co-conspirator liability to § 924(c) offenses are still good law, and because neither § 924(o) nor *Davis* say anything to the contrary, Count 3 does not err in alleging *Pinkerton* liability as an alternative theory of guilt for the charged § 924(c) offense.

## CONCLUSION

For the reasons set forth above, Mr. Thompson's Motion to Dismiss Count 3 of the Superseding Indictment as Duplicitous [Doc. 220] is **DENIED**.

DATED this 21st day of June, 2021.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE